**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COLLEEN MATSON-FORESTER AND** | : | |
| **DWIGHT FORESTER,** | : | |
| **Plaintiffs** | : | |
| | : | **No. 1:12-cv-01838** |
| **v.** | : | |
| | : | |
| **ALLSTATE INSURANCE** | : | **(Judge Kane)** |
| **COMPANY,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court is Defendant Allstate Insurance Company's motion for summary judgment (Doc. No. 21) and Plaintiffs Colleen Matson-Forrester and Dwight Forrester's motion to strike Defendant's motion for summary judgment (Doc. No. 23). For the reasons that follow, the Court will grant Defendant's motion for summary judgment, and deny Plaintiffs' motion to strike.

## I.    BACKGROUND

Plaintiffs reside at 305 Mollie Drive, Harrisburg, Pennsylvania. (Doc. No. 24 at 1.) Plaintiffs' property was insured by a policy provided by Defendant. (Doc. No. 21 ¶ 8.) The policy covers "sudden and accidental direct physical loss to the property . . . except as limited or excluded in this policy." (Doc. No. 21-8 at 23, 27.) This included the following exclusions:

> We do not cover loss to the property. . . consisting of or caused by:
> 1. Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.
> 2. Water or any other substance that backs up through sewers or drains.
> 3. Water or any other substance that overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.
> 4. Water or any other substance on or below the surface of the ground,

1

> regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises
>
> 5. Earth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water.

(Doc. No. 21-8 at 23, 29.).  These exclusions apply to coverage for dwelling and other structures, and to personal property.  (Id.)

On August 7, 2011, Plaintiffs heard a loud explosion and realized that a power outage had affected their home.  (Doc. No. 24 at 6.)  Upon inspection of the home's basement, they saw that portions of the foundation wall had imploded, collapsed or cracked, causing water and mud to pour into the basement.  (Id.)  Plaintiffs' home suffered extensive damage, as did Plaintiffs' personal property.  (Id.)  On August 8, 2011, Allstate adjuster Larry Miller, and Defendant's expert David E. Aufiero inspected the property.  (Doc. No. 21 ¶¶ 9-11.)  Plaintiffs' claim for coverage under their homeowner's policy was denied by Defendant in writing on August 9, 2011.  (Id. ¶ 12.)

Plaintiffs and Defendant dispute the precise cause of the events that caused the damage. Plaintiffs' expert, Edward Dishong, opines that the cause was an accidental occurrence, not a natural one.  (Doc. No. 21-11 at 3.)  According to Dishong:

> It is my professional opinion . . . that the loss at the Forrester's home was not a natural occurrence, but rather arose from an accidental failure of the storm water system resulting in the damage to multiple homes within the development and the subsequent repairs made by Lower Paxton Township.

(Id.)  However, Defendant's expert, Aufiero, attributes the damage to natural occurrences.  (Doc. No. 21-9 at 2-3.)  He believes that heavy rains in the area saturated the earth backfill, and the

2

"earth pressure and hydrostatic pressure developed from [the] saturated earth condition [which] caused the subject foundation wall to collapse."   (Id.)

On August 3, 2012, Plaintiffs filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania, alleging breach of contract and bad faith.[1]   (Doc. No. 1-2.) Defendant removed the action to this Court on September 13, 2012.   (Doc. No. 1.)   Following discovery, Defendant filed the present motion for summary judgment on November 4, 2013. (Doc. No. 21.)   In response, on November 27, 2013, Plaintiffs filed a motion to strike Defendant's motion for summary judgment.   (Doc. No. 23.)   Both motions are fully briefed and ripe for disposition.

## II.    LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City

---

[1]  The parties stipulated to the dismissal of Count Two, alleging bad faith in Defendant's failure to pay insurance benefits, on November 9, 2012.  (Doc. No. 13)

Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence demonstrating an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex, 477 U.S. at 322. With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment when the non-movant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

III.    DISCUSSION

Defendant moves for summary judgment on the sole remaining count in this action, which is Plaintiffs' breach of contract claim. Plaintiffs move to strike Defendant's summary judgment motion for failure to conform with Local Rule 56.1. The Court will address each

motion separately, beginning with Plaintiffs' motion to strike.

A.     **Motion to strike**

Plaintiffs ask the Court to strike from the record and dismiss Defendant's motion for summary judgment for failure to file a proper statement of material facts as required by Local Rule 56.1.  (Doc. No. 24 at 9-10.)  Rulings on motions to strike are "within the sound discretion of the district court" and are considered a "drastic remedy."  Dougherty v. Advanced Wings, LLC, 13-447, 2013 WL 2434991, at *1 (M.D.Pa. June 4, 2013).  Local Rule 56.1 requires, in part, that "[a] motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  Although Defendant's motion for summary judgment included a section entitled "Statement of Material Facts," which included short and concise statements of fact with corresponding citations of the record, Plaintiffs' complain that it was not filed separately, as required by L.R. 56.1.  (See Doc. No. 21.)

In support of their position, Plaintiffs cite Gantt v. Absolute Mach. Tools, Inc., No. 06-1354, 2007 WL 2908254, at *3 (M.D. Pa. Oct. 4, 2007), in which the Court denied a motion for summary judgment because the moving party failed to file a proper statement of material facts in accordance with L.R. 56.1.  (Doc. No. 24 at 10.)  There, the Court found the submitted statement of material facts unacceptable because it contained a combination of fact statements and legal arguments, was not clearly identified as a statement of material facts, and the statement was not filed separately from the motion.  Id.  The Court concluded that this submission was inadequate, as it did not allow the Court to properly divine the factual underpinnings of the summary

judgment motion, and thus denied the motion the motion for summary judgment.  Id.

Although Defendant's submitted statement of material facts was not filed separately from their motion, it is nevertheless clearly identified as a statement of material facts, and contains a list of material facts with appropriate citation of the record such that the Court can clearly understand its purpose and substance.  (Doc. No. 21 at 1-6.)  Thus, because the Court can properly understand the form and substance of the statement of facts and further finds that it is suitable for direct and accurate consideration of the motion, it will deny Plaintiffs' motion to strike.[2]  See White v. W. Am. Ins. Co., 06-2453, 2008 WL 5146555, at *3 (M.D.Pa. Dec. 8, 2008) ("While the Defendant did not submit a separate filing containing its [statement of material facts], as mentioned, the Court finds as sufficient the Defendant's [statement of material facts] that was submitted as part of its Motion for Summary Judgment. The Defendant's fact paragraphs in its Motion were numbered and properly supported by citation to evidence.")

**B.      Motion for summary judgment**

In their motion for summary judgment, Defendant asserts there is no breach of contract as the policy's earth movement and water exclusions preclude coverage.  In response, Plaintiffs assert that disputed issues of fact exist that prevent the Court from holding that a coverage exclusion applies at the summary judgment stage.  The Court will address these two asserted

---

[2]  Defendant asks the Court to deem its motion unopposed because Plaintiffs' did not timely file their brief in opposition to the summary judgment motion. Local Rule 7.6 requires that a brief in opposition to summary judgment must be filed within twenty-one days after service of the movant's brief.  By the Court's calculations, this meant that Plaintiffs' had until November 26, 2013, to file their brief in opposition.  However, Plaintiffs did not file their brief in opposition until November 27, 2013.  In the interests of justice and in fairness to both parties, as the Court declines to grant the motion to strike Defendant's motion despite it not conforming entirely with the applicable rules, it will also not strike Plaintiffs' opposition brief or deem the motion unopposed as a result of Plaintiffs' late filing.

exclusions in turn.

### 1.      Earth movement

First, Defendant contends that the policy's earth movement exclusion applies to

Plaintiffs' loss and, thus, denial of coverage was warranted and does not constitute breach of

contract.  (Doc. No. 22 at 7-11.)  Plaintiffs assert that the earth movement exclusion applies only

to natural occurrences, and outstanding questions of fact regarding whether the damage was

caused by a natural occurrence or by the accidental failure of the local storm water system means

that the Court should not grant summary judgment in Defendant's favor.  (Doc. No. 24 at 10-17.)

As an initial matter, the Court will apply Pennsylvania law because this is a diversity

case.  See J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 360-361 (3d Cir. 2004).  A breach of

a contract action involves the existence of a contract, a breach of a duty imposed by the contract,

and damages.  Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa.Super.Ct. 2005).

Regarding interpretation of an insurance contract, according to the Pennsylvania Supreme Court:

> Review is aimed at ascertaining the intent of the parties as manifested by
> the language of the written instrument. Where the provision of the policy
> is ambiguous, the policy provision is construed in favor of the insured and
> against the insurer, the drafter of the instrument. If the policy language is
> clear and unambiguous, we give effect to the language of the contract.  A
> contract is ambiguous if it is reasonably susceptible of different
> constructions and capable of being understood in more than one sense.

Steele v. Statesman Ins. Co., 607 A.2d 742, 743 (Pa. 1992).  Interpretation of a contract is

generally performed by the court, rather than by a jury.  J.C. Penney Life Ins. Co., 393 F.3d at

363.  When denial of coverage is based upon assertion of an exclusion, it is the insurer's burden

to show that the exclusion defeats coverage under the particular facts of the case.  Totty v.

Chubb Corp., 455 F. Supp. 2d 376, 383 (W.D. Pa. 2006) (citing Madison Constr. Co. v.

Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999)).

      The Third Circuit has noted that "earth movement exclusions in insurance policies generally refer to and have historically related to catastrophic and extraordinary calamities such as earthquakes and landslides." Peters Twp. Sch. Dist. v. Hartford Acc. & Indem. Co., 833 F.2d 32, 35 (3d Cir. 1987). Consistent with that understanding, the Pennsylvania Supreme Court declared that earth movement exclusions which are ambiguous as to whether they cover both natural and non-natural occurrences should be interpreted to exclude coverage for natural occurrences only. Steele, 607 A.2d at 743. The policy in Steele excluded "loss resulting directly or indirectly from . . . earth movement," which the policy defined as "any loss caused by, resulting from, contributed to or aggravated by earthquake; landslide; mudflow; earth sinking, rising or shifting; volcanic eruption meaning the eruption, explosion or effusion of a volcano." Id. at 742. The Pennsylvania Supreme Court held that this provision was ambiguous regarding whether it applied to both natural and non-natural occurrences:

> On one hand, the provision bars coverage for natural events, i.e., earthquakes and volcanic eruptions. On the other hand, the provision bars coverage for events which can be natural, man-made or both, i.e., landslide, mudflow, earth sinking, rising or shifting. Although it is arguable that the exclusion is applicable to earth movement due to natural and man-made events, a reasonable insured could conclude that the exclusion is applicable to earth movement due to natural events only. Since the earth movement exclusion is reasonably susceptible to different constructions, it is impossible to determine the intent of the parties as manifested by the written language of the contract of insurance.

Id.

      As in Steele, the earth movement exclusion in the present case includes events which can be natural, man-made or both, as it excludes losses:

> . . . consisting of or caused by . . .

> Earth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water.

(Doc. No. 21-8 at 23, 29.)  Defendant contends that this provision is unambiguous and distinct from the one in Steele as it excludes earth movement "of any type."  (Doc. No. 22 at 10.)

Upon review, the Court finds that the phrase "earth movement of any type" is not materially distinct from similar clauses held to be ambiguous under Steele.  See Totty v. Chubb Corp., 455 F. Supp. 2d 376, 383 (W.D. Pa. 2006) (finding as ambiguous an earth movement exclusion that read: "[w]e do not cover any loss caused by earth movement including volcanic eruptions, landslides, mud flows, and the sinking, rising, or shifting of land") (emphasis added). The Court agrees that, although "earth movement of any type" may certainly be read to exclude both natural and non-natural occurrences, the phrase remains vague as to whether it addresses the distinction between natural and non-natural clauses.  Although the issue is a close one, as these clauses have generally been found ambiguous under Pennsylvania law, if the insurer intended this particular exclusion to address both natural and non-natural occurrences, it could done so with considerably more specificity.  See id., at 384.  ("If [the insurance company] truly intended to exclude damage for earth movement caused by man-made events, it easily could have done so clearly and unambiguously.")  Cases in other jurisdictions provide examples of earth movement exclusions that clearly indicate an intent to fix the ambiguity associated with earth movement clauses and identified by Steele.  For example, earth movement exclusions have been held unambiguous by virtue of including events which could only be interpreted as man-made, or by expressly stating that the clause is not limited to natural events.  See Brice v. State

Farm Fire & Cas. Co., 761 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (finding exclusion for "earth movement resulting from improper compaction, site selection or any other external forces" unambiguous); State Farm Fire & Cas. Co. v. Bongen, 925 P.2d 1042, 1046 (Alaska 1996) (finding that policy excluding coverage for earth movement "from natural or external forces" is unambiguous).

As the Court finds the earth movement in the present case is ambiguous under Pennsylvania Supreme Court precedent, it interprets the policy as applying to only natural occurrences. Thus, as Plaintiffs' and Defendant's experts dispute whether the incident was natural or accidental, there exists a material dispute of fact regarding whether the earth movement exclusion applies. The Court will thus deny Defendant's motion for summary judgment insofar as Defendant contends that the earth movement exclusion applies to Plaintiffs' loss.

## 2. Water exclusion

Defendant's second argument is that Plaintiffs' loss is not covered because the policy excludes coverage for losses "caused by or consisting of:"

> [w]ater or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.

(Doc. No. 21-8 at 23, 29.) Plaintiffs do not directly address the applicability of the water exclusions in their brief in opposition to the summary judgment motion.

According to Defendant's expert, "[h]eavy rains in the area saturated the backfill material" and thus "earth pressure and hydrostatic pressure developed from a saturated earth condition caused the subject foundation wall to collapse." (Doc. No. 21 at 3.) He indicated he

10

believed water levels in the basement were approximately eighteen inches.  (Id. at 2.)  In their

counter-statement of material facts, Plaintiffs describe the incident as follows: "portions of the

rear foundation wall had imploded, allowing water and mud to pour into Plaintiffs' basement

from the backyard and causing significant damage to Plaintiffs' basement and personal

property."  (Doc. No. 24 at 6.)  According to Plaintiffs' expert, there was an accidental failure of

the local storm water drainage system that led to the damage to Plaintiffs' home:  "[t]he

underground storm system failed to carry water away from the neighborhood causing water to

penetrate the ground."  (Doc. 21-11 at 3.)

       Thus, based on the evidence submitted by both parties, there appears to no dispute among

the experts that the cause of Plaintiffs' loss was water, even though the parties dispute whether

the source was the accidental failure of the local storm water system, or by heavy rain water

saturation that created the hydrostatic pressure causing the foundation to implode and the water

and mud to pour into the Plaintiffs' basement.  As the exclusion applies to "[w]ater or any other

substance on or below the surface of the ground, regardless of its source . . . which exerts

pressure on, or flows, seeps or leaks through any part of the residence premises," the Court finds

that exclusion clearly applies under the undisputed facts, as neither expert disputes that water

was the cause of the insured's damage.  See Merz v. Allstate Ins. Co., 677 F. Supp. 388, 389

(W.D. Pa. 1988) (applying an identical water exclusion to case in which "increased pressure

created by the fully saturated ground was the impetus for the collapse of Plaintiffs' basement

wall").  Thus, the dispute over the source of the water is not a material dispute that otherwise

precludes summary judgment for Defendant.  See Gold v. State Farm Fire & Cas. Co., 880 F.

Supp. 2d 587, 596-97 (E.D. Pa. 2012) ("The defendant has presented evidence showing that the

cause of the damage . . . was covered by the policy exclusion. This is sufficient to meet its burden. The plaintiffs' evidence does not raise a triable issue of fact as to the cause of the damage to their home. The Court will, therefore, grant the motion as to the breach of contract claim.").  Moreover, Plaintiffs have not identified, nor does the Court find, any ambiguity that would preclude application of this exclusion in favor of Defendant.  Because the language is unambiguous, the Court must "give effect to that language."  Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 897 (Pa. 2006).  As the Court finds there are no triable issues of fact regarding the applicability of the water exclusion, the Court will grant summary judgment on the breach of contract claim.

IV.     **CONCLUSION**

For the reasons set forth above, the Court will grant Defendant's motion for summary judgment.  An order consistent with this memorandum follows.